UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Yvonne Gipson, Robin E. Figas, and all others similarly situated, | Civil No. 08-4546 (PAM/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| Wells Fargo & Company, Wells Fargo Bank N.A., Employee Benefit Review Committee, and John Does 1-20, et al., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons that follow, the Motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff Yvonne Gipson is a former employee of Defendant Wells Fargo & Company ("Wells Fargo" or the "Company"). Plaintiff Robin Figas is a current employee of Wells Fargo. They contend that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., by mismanaging the Wells Fargo employees' 401(k) retirement plan, an ERISA defined contribution plan. Specifically, Plaintiffs contend that the plan impermissibly invested in mutual funds managed by Wells Fargo affiliate Wells Fargo Fund Management ("WFFM"). They seek to maintain a class action on behalf of all employees who participated in the 401(k) plan from November 2001 to the present. (Am. Compl. ¶ 6.)

The Amended Complaint raises four claims. Count I claims that the plan's investment in Wells Fargo funds constitutes a prohibited transaction in violation of ERISA § 406, 29 U.S.C. § 1106. Count II alleges that this investment was a breach of the Employee Benefit Review Committee's fiduciary duties, and violated ERISA § 404, 29 U.S.C. § 1104. Count III claims a breach of fiduciary duties by Wells Fargo Bank (the "Bank"), and Count IV seeks to hold the Company liable for abetting the Committee's alleged breaches of fiduciary duties.

Defendants have moved to dismiss the Amended Complaint, contending that Gipson does not have standing to bring her claims and that, in any event, the Amended Complaint fails to state a claim on which relief can be granted.

**DISCUSSION**

**A.      Standard of Review**

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff and will grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Thus, a well-pled complaint may proceed even if it appears "that recovery is very remote and

unlikely." Id. at 1965 (quotation omitted).

On a motion to dismiss, the Court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). The Court may, however, consider materials that are "necessarily embraced by the pleadings," Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997) (Tunheim, J.), including "items appearing in the record of the case, and exhibits attached to the complaint." 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d § 1357.

**B.     Standing**

Defendants argue that Gipson does not have standing in this matter because she is no longer employed by Wells Fargo and because she took a lump-sum distribution of her 401(k) account in 2005. Plaintiffs contend that because Gipson alleges that her distribution would have been higher had Defendants not breached their fiduciary duties, she has a "colorable claim to vested benefits," Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989), and thus has standing.[1]

In a case involving breach-of-fiduciary-duty claims arising out of a welfare benefit plan, the Eighth Circuit Court of Appeals determined that former employees were no longer "participants" under ERISA and thus lacked standing to bring their claims. Adamson v. Armco, Inc., 44 F.3d 650, 654 (8th Cir. 1995).

---

[1] There is no dispute that Plaintiff Robin Figas, a current Wells Fargo employee, has standing.

3

In <u>Adamson</u>, the Court of Appeals held that former employees whose claims for benefits were time-barred could not raise ERISA fiduciary duty claims because they had no "colorable claim to vested benefits" and thus lacked standing to raise those claims. <u>Adamson</u>, 44 F.3d at 654-55. "A person who gives up participant status through inaction also relinquishes standing to complain of prior plan mismanagement." <u>Id.</u> at 655. Plaintiffs contend that, because Gipson's claim is that she would have had a greater distribution of benefits absent the alleged breach of fiduciary duties, she satisfies the requirement of having a "colorable claim to vested benefits" and therefore has standing. They acknowledge that <u>Adamson</u> is the only Eighth Circuit Court of Appeals case on the issue of when former employees have standing to bring fiduciary duty claims, but urge the Court not to apply <u>Adamson</u> because it ostensibly conflicts with a more recent Supreme Court decision and because it involved a welfare benefit plan, not a retirement plan. (<u>See</u> Pls.' Opp'n Mem. at 24-26.)

As an initial matter, it is clear that <u>Adamson</u> is fully applicable to defined contribution plans. Although the situation in <u>Adamson</u> differed from Gipson's situation in some particulars, the Court of Appeals cited favorably a district court case, <u>Gilquest v. Becklin</u>, 675 F. Supp. 1168 (D. Minn. 1987) (Murphy, J.), that is on all fours with the instant case. Indeed, then-District Judge Murphy's description of the issue in <u>Gilquest</u> could have been written here: "The issue presented by this case . . . is whether a plaintiff has standing under ERISA to raise a claim of breach of fiduciary duty by pension plan trustees after the plaintiff has withdrawn from the plan and received a lump sum payment." <u>Id.</u> at 1170. Judge Murphy

determined that such a plaintiff did not have standing. Id. at 1171. The Court of Appeals affirmed. Gilquest v. Becklin, 871 F.2d 1093 (8th Cir. 1988). Other decisions have interpreted Adamson as applying to former pension plan participants in situations analogous to the present one. See In re Patterson Cos., Inc., Sec., Derivative & ERISA Litig., 479 F. Supp. 2d 1014, 1042-43 (D. Minn. 2007) (Doty, J.).

Plaintiffs argue that the Supreme Court's decision in LaRue v. DeWolff, Boberg & Assocs., 128 S. Ct. 1020 (2008), has effectively overruled Adamson. In LaRue, the Supreme Court determined that an individual contributor to a defined contribution plan, such as that at issue here, could bring a claim for a breach of fiduciary duty under ERISA § 502(a)(2) if that alleged breach impaired the value of the assets in the individual's account. LaRue, 128 S. Ct. at 1026. In a footnote at the end of the majority opinion, the Court noted that after petition for writ of certiorari was granted, the plan participant/plaintiff withdrew the funds in his plan account. The Court determined that, while the withdrawal "may have relevance to the proceedings on remand," the case was not moot because the plaintiff may still have a "colorable claim for benefits." Id. at 1026 n.6.

At least one Court of Appeals has determined that LaRue means that "cashed out former employees remain 'participants' in defined benefit contribution retirement plans for purposes of § 502(a)(2) of ERISA." In re Mut. Funds Inv. Litig., 529 F.3d 207, 210 (4th Cir. 2008) (emphasis in original). Both before and after LaRue, the First, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuit Court of Appeals have held that former employees who no longer have any interest in a defined contribution plan have standing under ERISA to

5

raise breaches of fiduciary duties.  See Vaughn v. Bay Envtl. Mgmt., Inc., 544 F.3d 1008, 1009 n.1 (9th Cir. 2008) (citing cases).

This Court is not convinced that the LaRue footnote means that all former plan participants have standing to bring claims for a breach of fiduciary duty under ERISA.  The LaRue Court was considering whether the former participant's claims were mooted by his decision to withdraw all of the money in his plan account during the pendency of the appeal, not whether such a person would have standing to bring claims initially.  However, the Courts of Appeals that have directly considered this specific issue are unanimous: such former participants do have standing to bring ERISA fiduciary duty claims.  These decisions reason that, "a breach of fiduciary duty that diminishes [the value of a defined contribution plan account] gives rise to a claim for benefits measured by the difference between what the account was worth when the employee retired and cashed it out and what it would have been worth then had it not been for the breach of fiduciary duty."  Harzewski v. Guidant Corp., 489 F.3d 799, 807 (7th Cir. 2007).  Thus, in ERISA parlance, the participant did not receive everything due him or her under the plan and has a claim under ERISA.  Vaughn, 544 F.3d 1012.

Plaintiffs contend that this Court should not follow Adamson but instead should follow the Courts of Appeals who have faced this issue directly.  However, this Court is not bound by decisions of other Courts of Appeals.  It is bound by decisions of the Eighth Circuit Court of Appeals.  Until that court revisits the issue decided by Adamson, this Court is not free to disregard binding precedent. Under Adamson, Gipson does not have standing to bring

6

her fiduciary duty claims.

**C.    Claims**

    **1.    Count I – Prohibited Transaction**

Count I of the Amended Complaint contends that the plan's investment in WFFM-managed mutual funds and the associated payment of management fees to WFFM are prohibited transactions under ERISA § 406, 29 U.S.C. § 1106. This section prohibits a plan fiduciary from engaging in certain transactions with "parties in interest," and also prohibits the fiduciary from self-dealing, i.e., engaging in transactions for his own benefit. Defendants do not dispute that the Amended Complaint alleges a violation of § 406. Rather, Defendants contend that the Amended Complaint fails to allege that Defendants did not comply with the accompanying regulation to § 406, known as PTE 77-3, 42 Fed. Reg. 18, 734 (1977), and thus that the Amended Complaint has not sufficiently alleged a violation of § 406.

PTE 77-3 exempts from the prohibited transaction rules of § 406 any transaction in which the fiduciary does not:

>  (a) pay any fees to the investment adviser except via the investment company's payment of its standard advisory and other fees;
> 
>  (b) pay a redemption fee to any party other than the investment company itself;
> 
>  (c) pay a sales commission; and
> 
>  (d) have dealings with the investment company on terms that are less favorable than between the investment company and any other shareholder.

Id. At least one court has held that a plaintiff must allege that the plan fiduciary did not comply with these elements in order to state a claim under § 406. Mehling v. New York Life

Ins. Co., 163 F. Supp. 2d 502, 510 (E.D. Pa. 2001). Plaintiffs argue that <u>Mehling</u> was wrongly decided and that the elements of PTE 77-3 are an affirmative defense that is not at issue on a motion to dismiss.

Even if Defendants are correct that the elements of PTE 77-3 are part and parcel of a claim under § 406, however, construing the Amended Complaint in the light most favorable to Plaintiffs, as the Court is bound to do, Plaintiffs have alleged at least that Defendants did not comply with the fourth element. Plaintiffs contend that Defendants invested in a category of stock that generated higher fees for WFFM, rather than in the "institutional" category that charged lower management fees. (Am. Comp. ¶ 46.) Drawing all reasonable inferences from this allegation, it constitutes an allegation that Defendants did not comply with PTE 77-3. The Motion to Dismiss must be denied on this basis.

Defendants also argue that the § 406 claim is time-barred because Plaintiffs knew as early as 2003 that the plan was investing in the Wells Fargo funds. The relevant statute of limitations is three years, but Plaintiffs did not file the Complaint until 2007.

According to Defendants, the Summary Plan Description ("SPD") for the 401(k) plan stated that the plan was offering participants investments in various Wells Fargo funds and thus Plaintiffs knew or should have known about the allegedly improper investments at the time they received the SPD. Plaintiffs contend that the Court may not consider the SPD when evaluating the Motion to Dismiss, because it is outside the pleadings. Defendants point out that the SPD is part of the plan documents and thus is properly considered.

The SPD itself does not answer the statute of limitations question, however. Before

8

the Court can determine that the SPD caused Plaintiffs' § 406 claim to become ripe for statute of limitations purposes, the Court must determine when the SPD was sent to plan participants and whether and when Plaintiffs received the SPD, among other inquiries. Defendants' affidavit states that the SPD was "distributed to and made available to participants" on or about January 1, 2003 (Miller Aff. Ex. D), but a statement in an affidavit is evidence that is not appropriate for consideration on a motion to dismiss. Because the SPD on its face does not and cannot resolve the statute of limitations question, the Motion to Dismiss Plaintiffs' § 406 claim must be denied.

### 2.   Count II – Breach of Fiduciary Duties

Count II of the Amended Complaint alleges that the Committee breached its fiduciary duties to plan participants in three ways. First, the Amended Complaint contends that the plan invested in a class of shares with higher administrative fees when a cheaper class of shares was available. (Am. Comp. ¶¶ 43-46.) Second, Plaintiffs contend that the performance of the Wells Fargo funds was sub-par, and compare the funds specifically to funds offered by another investment management firm, the Vanguard Group (the "Vanguard funds"), which allegedly out-performed the Wells Fargo funds. (Id. ¶¶ 40, 42.) Finally, the Amended Complaint alleges that the plan's assets were "seed money" for the Wells Fargo funds, essentially allowing the funds to survive and to attract other investors, thereby allowing Wells Fargo to "maintain an investment management business." (Id. ¶ 47.)

Defendants maintain that these allegations are insufficient to state a "plausible" claim for relief under Twombly. As to the first contention, Defendants note that the plan received

a reduction in investment management fees for the Wells Fargo funds, and that the management fees the plan was charged for the higher class of shares was lower than what Plaintiffs allege would have been charged for the lower class of shares. Defendants' argument misses the point, however. If the plan received reduced management fees for all investments in Wells Fargo funds, then the plan might have received even lower fees for the lower class of shares than the fees charged to non-plan investors. Moreover, Plaintiffs allege not merely the discrepancy in fees, but also that the lower class of shares actually had a higher return than the higher class of shares. Plaintiffs have stated a claim as to their first alleged breach of fiduciary duty.

Defendants next complain that Plaintiffs have not been specific enough in the allegations relating to the Vanguard funds. According to Defendants, Plaintiffs have not sufficiently alleged that other specific funds performed better than the Wells Fargo funds. Again, Defendants require too much on a motion to dismiss. Twombly requires only plausibility, not that Plaintiffs prove every point of their case in their Amended Complaint. Plaintiffs claim that the Committee should have invested in other funds that outperformed the Wells Fargo funds. This is plainly sufficient to withstand a motion to dismiss. It may be that discovery will reveal that these other funds did not outperform the Wells Fargo funds, or that very few funds outperformed the Wells Fargo funds, thereby casting doubt on Plaintiff's allegations of breach of fiduciary duty in selecting the Wells Fargo funds. But at this preliminary stage of the litigation, Plaintiffs have alleged enough to go forward on their claims.

Finally, Defendants contend that Plaintiffs' allegations with respect to "seeding" are contradicted by the SPD and are in any event time-barred. A claim for breach of fiduciary duty under ERISA must be brought by the earlier of (1) "six years after [] the date of the last action which constituted part of the breach or violation;" or (2) "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113. According to Defendants, because the Wells Fargo funds were established more than six years before the filing of the Complaint, any claim that the plan imprudently invested in these funds to "seed" the funds arose at the time the funds were established and is therefore time-barred.

Plaintiffs contend that they allege a continuing violation of the breach of fiduciary duty, such that "[e]ach time that Defendants failed to act for the benefit of the Plan and allowed prohibited transactions, they breached their duties anew." (Pls.' Opp'n Mem. at 22.) However, with respect to the "seeding" allegations, Plaintiffs do not contend ongoing "seeding" but rather that the Committee improperly invested in the Wells Fargo fund at or close in time to the initiation of those funds in order to "seed" them. Such an allegation is not a continuing violation.

As Plaintiffs argue, however, the dates of the establishment of the Wells Fargo funds and the date the plan invested in those funds is a factual issue. Thus, the resolution of the statute of limitations with regard to the "seeding" claim must await further record development. The Motion to Dismiss Count II must be denied.

    **3.**    **Counts III & IV – Fiduciary Duty against Bank and Company**

Defendants argue that, if Plaintiffs' primary breach of fiduciary duty claims fail, then their claim against the Bank and the Company fail because those allegations depend on the breaches alleged in Counts I and II.  Because the Court has found that the primary fiduciary claims survive, however, the claims against the Bank and the Company likewise survive.

The Amended Complaint sufficiently alleges "plausible" fiduciary duty claims against the Bank and the Company.  Defendants' Motion to Dismiss these claims must be denied.

**CONCLUSION**

Plaintiff Yvonne Gipson does not have standing to bring the ERISA claims in the Amended Complaint.  However, the claims in the Amended Complaint sufficiently state a claim on which relief can be granted, and thus the Motion to Dismiss the Amended Complaint is denied.

Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss (Docket No. 22) is **GRANTED in part** and **DENIED in part** as set forth above.

Dated:   March 12, 2009

                                              *s/Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge