# Exhibit A

(Partially Redacted)

Unredacted copy filed under UNDER SEAL pursuant to **Stipulated Protective Order, Docket No. 93, dated September 23, 2009.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Robin E. Figas, *and all others similarly situated*, Plaintiffs, v. Wells Fargo & Company, Wells Fargo Bank, N.A., Employee Benefit Review Committee, Patricia Callahan, Ellen Haude, Mike Heid, Clyde Ostler, Tim Sloan, *and* Doe Defendants Defendants. | Civil File No. 08-CV-4546 (PAM/FLN) **PLAINTIFF'S SECOND INTERROGATORIES TO ALL DEFENDANTS** |

**PLAINTIFF'S SECOND INTERROGATORIES TO ALL DEFENDANTS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff in the above described action propounds the following Interrogatories on all Defendants. The Responses and any objections shall be served within thirty (30) days of receipt to Bailey & Glasser, LLC 910 17th St., NW, Suite 800, Washington, DC 20006.

### I.   DEFINITIONS

A.   The use of the singular form of any word includes the plural and vice versa, unless the context indicates otherwise.

B.   "**401(k) Plan**" means the Wells Fargo & Company 401(k) Plan and any predecessors.

C.   "**Amended Complaint**" means the Amended Class Action Complaint filed in this case on or about August 29, 2008

D. "**Benefit Committee**" means the Wells Fargo Employee Benefit Review Committee.

E. "**Board of Directors**" means the Wells Fargo board of directors and any committees or subcommittees thereof.

F. "**ERISA**" means the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq.

G. "**Fiduciary**" has the meaning specified in ERISA, 29 U.S.C. § 1002(21).

H. "**Identify**" or "**identity**" in the case of an entity means provide the full business name and full business address; in the case of an individual means provide the full name, all employment titles, all employer names, and business addresses; in the case of a document means the date, author's name and title, type of document (e.g. letter, e-mail, memo, committee minutes), and, if applicable, any individuals or entities to whom the document was sent or delivered.

I. "**Investment Option**" means any vehicle for investment offered in the 401(k) Plan, whether advised by Wells Fargo or not, and whether a mutual fund or not.

J. "**Participant**" or "**Beneficiary**" means any individual described in ERISA, 29 U.S.C. §1002(7) and (8), for whom an account was maintained in the 401(k) Plan.

K. "**Investment Advisor**" means any corporation, partnership, company, business combination, other entity or person who provided investment management services or advice to the 401(k) Plan or its fiduciaries in their capacity as fiduciaries for the Plan.

      L.    "**Service Provider**" means any corporation, partnership, company, business combination, other entity, or person who provided services to the 401(k) Plan during the Time Period.

      M.    "**Time Period**" means the period from, and including, November 2, 2000 to December 31, 2009.

      N.    "**Trustee**" has the meaning specified in ERISA, 29 U.S.C. § 1103(a).

      O.    "**Wells Fargo**" means Defendant Wells Fargo & Company, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or agents.

      P.    "**Wells Funds**" means the Asset Allocation Collective Trust offered in the 401(k) Plan and all mutual funds that (i) had 401(k) Plan assets invested in them from November 2, 2001 to the present, and (ii) were advised by Wells Fargo Funds Management LLC or any other advisor affiliated with Wells Fargo or Wells Fargo Bank, NA.  These funds include, without limitation, the Wells Fargo Diversified Small Cap Fund; Wells Fargo Diversified Equity Fund; Wells Fargo Large Company Stock Fund; Wells Fargo Growth Balanced Fund; Wells Fargo Moderate Balanced Fund; Wells Fargo Aggressive Allocation Fund (formerly Wells Fargo Strategic Growth Allocation Fund); and Wells Fargo Conservative Allocation Fund (formerly Wells Fargo Strategic Income Fund).

## II.    INTRODUCTORIES
**(numbering is continued from previous interrogatories)**

**INTERROGATORY NO. 17:**

Identify each retirement plan or institutional investor who invested in the Wells Funds and for each such investor list as of December 31 of each year of the Time Period

(2000 through 2009): the value of the investment, the share class held (if applicable), and the number shares or units for each share class .

**RESPONSE:**

**INTERROGATORY NO. 18:**

Describe in detail how benchmarks, ranks, ratings, and any other criteria or standards used to evaluate, compare, and measure 401(k) Plan investment performance or fees were developed, created, evaluated, and used by Wells Fargo, including, without limitation, the data used to evaluate, compare, and measure 401(k) Plan investment performance or fees.

**RESPONSE:**

**INTERROGATORY NO. 19:**

For each document Defendants have produced with handwriting, identify the author of the handwriting, including but not limited to WFF0001008, WFF0001013, WFF0001014, WFF0001021, WFF0001024-26, WFF0001100-107, WFF0002992-95, WFF0003043, WFF0003191, WFF0003192, WFF0003238, WFF0003239, WFF0003717, WFF0003719, WFF0003720, WFF0004161-203, WFF0004442, WFF0005140, WFF0005557, WFF0005573, WFF0005603, WFF0005604, WFF0009105-187, WFF0009440, WFF0009765-803, WFF0009863-64, WFF0009942-43, WFF0010050-90, WFF0010093-132, WFF0010139, WFF0010140-61, WFF0010167-68, WFF0010254, WFF0010422, WFF0010425-79, WFF0010480-91, WFF0010501-02, WFF0010556-57, WFF0010604-36, WFF0011147-50, WFF0012249-98, WFF0012299, WFF0012300-47, WFF0012486-506, WFF0012658-62,

4

WFF0012668-70, WFF0012757-61, WFF0012764, WFF0012765, WFF0012785-86, WFF0012929, WFF0012934, WFF0013151, WFF0013588, WFF0013629, WFF0013630, WFF0013631, WFF0013692-93, WFF0013749-57, WFF0013818-19, WFF0013820-22, WFF0013996, WFF0035476, WFF0035559, WFF0045114, WFF0077855-79, WFF0081919-28, WFF0083363-65, WFF0083537-45, WFF0084015-40, WFF0084041, WFF0084042-210, WFF0084213-371, WFF0084418, WFF0084420, WFF0084423, WFF0084564, WFF0084708, WFF0084710, WFF0084712-36, WFF0084737-55, WFF0084756, WFF0084757-75, WFF0085217-20, WFF0085316-19, WFF0086226-27, WFF0086449-51, WFF0086707-09, WFF0086951-52, WFF0087269-70, WFF0087473-74.

**RESPONSE:**

**INTERROGATORY NO. 20:**

Identify and describe in detail every fee or expense waiver, rebate, credit, reimbursement, or other payment to the 401(k) Plan (excluding employee contributions, employer contributions, dividends, and investment returns) or any Wells Fund, direct or indirect, by Wells Fargo that occurred during the Time Period (including those initiated prior to the Time Period), and state your contention as to whether any such waiver, rebate, credit, reimbursement, or other payment was made pursuant to a contract, agreement, or legal requirement, including identification of any such contract, agreement, or legal requirement. (*See, e.g.*, WFF0098161 (discussing independent fiduciary's approval of conversion on condition that Wells Fargo qualified plans receive rebates).)

**RESPONSE:**

5

**INTERROGATORY NO. 21:**

REDACTED

**RESPONSE:**

**INTERROGATORY NO. 22:**

Describe in detail how and when any of the Wells Funds was initially selected as an investment option in any predecessor plans to the 401(k) Plan, including without limitation the plans sponsored by Norwest Bank and Wells Fargo Bank prior to their merger.

**RESPONSE:**

**INTERROGATORY NO. 23:**

For each Wells Fund, list the total assets under management by share class (if applicable) and the percentage of its assets that constituted investments from the Plan on December 31 of each year from 2000 through 2009.

**RESPONSE:**

6

**INTERROGATORY NO. 24:**

Describe in detail the fees and expenses for "gateway" and "master portfolio" funds, including for each year of the Time Period, the fees and expenses for each master portfolio, the fees and expenses charged by an master portfolio, directly or indirectly, to a gateway fund, the fees and expenses charged by any gateway fund in addition to fees and expenses charged by master portfolios, how such fees and expenses were calculated, and how such fees and expenses were communicated to participants in the Plan.

**RESPONSE:**

Dated:  April 26, 2010	By:  /s/ Gregory Y. Porter
Gregory Y. Porter *(admitted pro hac vice)*
**BAILEY & GLASSER LLP**
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 543-0226
Fax:  (202) 434-8252
gporter@baileyglasser.com

J. Brian McTigue *(admitted pro hac vice)*
Bryan T. Veis *(admitted pro hac vice)*
James A. Moore (PA Bar No. 73515)
**McTIGUE & VEIS LLP**
4530 Wisconsin Avenue, NW
Suite 300
Washington, DC  20016
bmctigue@mctiguelaw.com
bveis@mctiguelaw.com
jmoore@mctiguelaw.com
Tel:  (202) 364-6900
Fax: (202) 364-9960

Michael D. Lieder*(admitted pro hac vice)*
W. Iris Barber *(admitted pro hac vice)*
**SPRENGER & LANG**
1400 Eye St Ste 500
Washington , DC 20005
ibarber@sprengerlang.com
mlieder@sprengerlang.com
Tel: 202-772-1157

Deanna D. Dailey (MN Bar No. 293714)
**SPRENGER & LANG**
310 4th Ave S Ste 600
Minneapolis , MN 55415
Tel: 612-486-1818
ddailey@sprengerlang.com
*Attorneys for Plaintiff*