# Exhibit D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Robin E. Figas,<br>*and all others similarly situated*,<br>　　Plaintiffs,<br><br>　　　　　v.<br><br>Wells Fargo & Company, Wells Fargo Bank,<br>N.A., *et al.*<br><br>　　Defendants. | Civil File No. 08-CV-4546 (PAM/FLN)<br><br><br>**PLAINTIFF'S THIRD REQUEST FOR<br>PRODUCTION OF DOCUMENTS TO<br>ALL DEFENDANTS** |

**PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL
DEFENDANTS**

Pursuant to Fed. R. Civ. P. 34, Plaintiff in the above captioned action propounds the

following  Second Request for Production to all Defendants in this action.  All objections,

responses, and responsive Documents shall be served and produced **within 30 days of receipt** to

McTigue & Veis LLP, 4530 Wisconsin Ave. NW, Suite 300, Washington, DC 20016.

The following instructions and general definitions are not intended to broaden or narrow

the scope of discovery permitted by the Federal Rules of Civil Procedure.

## I.　　INSTRUCTIONS

A.　　In responding to these requests, you shall produce all Documents within the Time

Period, as defined below, unless a request indicates otherwise.

B.　　In responding to these requests, you shall produce all responsive Documents (as

that term is defined below) which are in your possession, custody, or control or in the possession,

custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates,

or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives.  A Document shall be deemed to be within your control if you have the right to obtain the Document or a copy of the Document from another person having possession or custody of the Document.

C.      In responding to these requests, you shall produce all responsive Documents available at the time of production, and you shall supplement your responses as required by Fed. R. Civ. P. 26(e)(1).

D.      Pursuant to Fed. R. Civ. P. 34(b)(2), you are to produce for inspection and copying by Plaintiff, original Documents as they are kept in the usual course of business, or you shall organize and label them to correspond with the categories in these requests.  Pursuant to Rule 34(b)(2)(E)(ii), electronically stored information shall be produced in the form or forms in which it is ordinarily maintained, unless the parties meet and confer and agree on a different format for production.

E.      If any responsive Document or portion thereof was, but is no longer in your possession or subject to your control, state whether it is (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others or (d) otherwise disposed of; and in each instance identify the name and address of its current or last known custodian, and the circumstance(s) surrounding such loss, transfer, destruction, or disposition.  In addition, provide the following information with respect to each such document:

1.   Identify each author, writer, sender, or initiator of such document, and any person who prepared or participated in the preparation of the document;

2.   Identify each recipient, addressee, or party for whom such document was intended or received, if any;

3.   Identify the date of such document, if any, or an estimate thereof, and so indicated as an estimate, if no date appears on such document;

4.   Provide a description of the general nature of the document and a description of the general subject matter as described in such document, or if no such description appears, then such other description sufficient to identify said document;

5.   Provide a description of the reason(s) why such responsive document is or was lost, discarded, destroyed or is otherwise outside your possession, custody, or control;

6.   Provide a description of the manner through which such responsive document is or was lost, discarded, destroyed or is otherwise outside your possession, custody, or control; and

7.   Identify the person(s) authorizing such responsive document to be lost, discarded, destroyed or otherwise placed outside your possession, custody, or control.

F.   If any Document responsive to these requests is withheld under a claim of privilege or upon any other ground, identify for each such Document the privilege being asserted and specify the following information in sufficient detail to permit the Court to rule on your claim:

3

1. Identify each author, writer, sender or initiator of such document, and any person who prepared or participated in the preparation of the document;

2. Identify each recipient, addressee, or party for whom such document was intended or received, if any;

3. State the present location of the document and all copies, including non-identical copies, thereof;

4. Identify each and every person having custody or control of the document and all copies thereof;

5. Identify the date of such document, if any, or an estimate thereof, and so indicated as an estimate, if no date appears on such document;

6. Provide a description of the general nature of the document and a description of the general subject matter as described in such document, or if no such description appears, then such other description sufficient to identify said document;

7. Provide the grounds which you believe establish the privilege as to the document; and

8. Provide a statement that the document has not, to your knowledge, been disclosed or revealed to any person who would compromise the assertion of the privilege.

G.      If a portion of any Document responsive to these requests is withheld under claim of privilege pursuant to the preceding instruction, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

H.      You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instructions F and G above) regardless of whether you consider the entire Document to be relevant or responsive to the requests.

I.      You are requested, pursuant to Fed. R. Civ. P. 26(e)(1), to supplement responses to these requests as additional responsive information is acquired.

## II.      <u>DEFINITIONS</u>

A.      "**And**" and "**or**" shall be construed conjunctively or disjunctively as necessary to bring within the scope of any specification all documents that might otherwise be construed to be outside its scope.

B.      "**Communication**," "**communications**," "**communicate**," "**communicated**," and "**communicated to**," or any derivation thereof, shall mean without limitation all oral or written exchanges or transmissions of words or ideas to another person or persons.  Such oral exchanges or transmissions include, without limitation, all discussions, conversations, telephone calls, interviews, negotiations, agreements, undertakings, conferences, meetings, speeches, statements, questions, and audible transmissions, and any other exchange of information of any kind.  Such written exchanges or transmissions include without limitation all electronic, printed, typed, handwritten, or other readable documents.  Such oral or written exchanges or transmissions include without limitation those transmitted by any means whatsoever including telex, electronic

5

mail, Internet file upload or download, telecopier, telegram, wire, radio, television, and telephone.

C.     "**Documents**" means documents and electronically stored information, as those terms are used in Fed. R. Civ. P. 34, and any writings, recordings, or photographs as defined in Fed. R. Evid. 1001.

D.     "**Identify**," when used in relation to an individual person, shall mean to state the full name and all other names by which that individual has ever been known, present or last known home and business addresses, home and business telephone numbers, occupation, and job titles of the person during the Time Period.

E.     "**Identify**," when used in relation to any entity other than an individual person, shall mean to state the full name of the entity, present or last known business address, business telephone number, and the full name, business address, business telephone number, the date of incorporation, and job title of the chief executive officer, registered agent, and each officer or employee of that entity with whom you dealt.

F.     "**Identify**," when used in reference to a document or other written communication, means stating the date of preparation of the document, the date you acquired the document, if applicable, and the author, title (if any), subject matter, nature (e.g., letter, memorandum, telegram, chart, computer input or printout, photograph, sound reproduction, etc.), place of preparation, present location, and present custodian of the document.  "**Identify**" also means identifying (*see* Definition E above) each and every person, other than the author of the document, who participated in the preparation of the document, directed the preparation of the document, or received a copy of the document; stating whether any copy of the document is not identical to the original by reason of markings or modifications not on the original or for any

6

other reason, and stating whether responsive documents within your access, possession or control are missing, lost, destroyed, transferred or disposed of otherwise.

G.      "**Including**" shall be construed to mean "**including, but not limited to**" and "**including, without limitation**."

H.      "**Records**" means without limitation all reports, computer records or printouts, minute books, minutes of meetings, records of meetings, resolutions, consents, and the like of the entity, entities, person, persons, or group or groups of entities or persons so identified, including all attachments, exhibits, appendices, and the like.

I.       "**Relating to**" means directly or indirectly, in any way,  constituting, concerning, reflecting, referring, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, representing, supporting, qualifying, terminating, revoking, canceling, or negating in any way, logically or factually, to the matter described in the specific request.

J.       "**You**" means the person or entity to whom this subpoena is addressed, and in the case of an entity other than a natural person, includes all of the entity's officers, directors, employees, and agents.

K.      Whenever necessary to bring within the scope of a specification all documents that might otherwise be construed to be outside its scope, (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses, and (ii) the use of the singular shall be construed as the use of the plural, and vice versa.

L.      "**401(k) Plan**" means the Wells Fargo & Company 401(k) Plan and any predecessors.

M. "**401(k) Plan Fees**" means any fees and expenses (i) paid directly or indirectly by Participants and related to their participation in the 401(k) Plan, (ii) paid out of 401(k) Plan assets, or (iii) paid on behalf of the 401(k) Plan by Wells Fargo or some other entity or person.

N. "**Amended Complaint**" means the Amended Class Action Complaint filed in this case on or about August 29, 2008

O. "**Benefit Committee**" means the Wells Fargo Employee Benefit Review Committee.

P. "**Board of Directors**" means the Wells Fargo board of directors and any committees or subcommittees thereof.

Q. "**DOL**" refers to the United States Department of Labor

R. "**ERISA**" means the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq.

S. "**Fiduciary**" has the meaning specified in ERISA, 29 U.S.C. § 1002(21).

T. "**Participant**" means any individual described in ERISA, 29 U.S.C. § 1002(7) (defining "participant") or (8) (defining "beneficiary") that satisfy those definitions with respect to the 401(k) Plan.

U. "**Plan Documents**" means all reports, descriptions, statements, and other Documents, including any modifications or amendments thereto, described in ERISA, 29 U.S.C. § 1024, relating to the 401(k) Plan, and includes trust agreements and plan documents which were operative for any portion of the Time Period.

V. "**SEC**" means the United States Securities and Exchange Commission.

8

W.      "**Service Provider**" means any corporation, partnership, company, business combination, other entity, or person who provided services to the 401(k) Plan or the Trust during the Time Period.

X.      "**Time Period**" means the period from, and including, November 2, 2000 to December 31, 2009.

Y.      "**Trust**" means the trust established pursuant to ERISA, 29 U.S.C. § 1103, for the 401(k) Plan.

Z.      "**Trustee**" has the meaning specified in ERISA, 29 U.S.C. § 1103(a).

AA.      "**Wells Fargo**" means Defendant Wells Fargo & Company, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or agents, and any officers, directors, and employees of any corporate parent, subsidiaries, and affiliates.

BB.      "**Wells Funds**" means the Asset Allocation Collective Trust offered in the 401(k) Plan and all mutual funds that (i) had 401(k) Plan assets invested in them from November 2, 2001 to the present, and (ii) were advised by Wells Fargo Funds Management LLC or any other advisor affiliated with Wells Fargo or Wells Fargo Bank, NA.  These funds include, without limitation, the Wells Fargo Diversified Small Cap Fund; Wells Fargo Diversified Equity Fund; Wells Fargo Large Company Stock Fund; Wells Fargo Growth Balanced Fund; Wells Fargo Moderate Balanced Fund; Wells Fargo Aggressive Allocation Fund (formerly Wells Fargo Strategic Growth Allocation Fund); and Wells Fargo Conservative Allocation Fund (formerly Wells Fargo Strategic Income Fund).

## III.    REQUESTS FOR PRODUCTION
### (numbering is continued from previous requests)

**REQUEST 45:**

Quarterly performance data for the "master portfolios" (or documents showing same) in which certain Wells Funds described as "gateway funds" invested during the Class Period. (*See* WFF0000605-686 for more information on "gateway funds" and "master portfolios").

**RESPONSE:**


**REQUEST 46:**

Documents showing the fees charged by "master portfolios" to the Wells Funds and to other investors in the "master portfolios" during the Class Period.

**RESPONSE:**


**REQUEST 47:**

All statements of additional information and annual reports for Wells Funds during the Class Period.

**RESPONSE:**

**REQUEST 48:**

All data and documents used, relied on, or considered by employees of Wells Fargo in preparing periodic Employee Benefit Plan Investment Reviews for the Benefit Committee, including but not limited to all data and documents used, relied on, or considered in calculating or determining "rank" or "rating" as those terms are used in periodic Employee Benefit Plan Investment Reviews. (*See, e.g.*, WFF0002458.)

**RESPONSE:**

**REQUEST 49:**

All documents related to the allocation of revenue or any other form of payment by a Wells Fund to any Wells Fargo subsidiary, affiliate, unit, or department in connection with the sale of Wells Funds to investors, including but not limited to the allocation of revenue from Wells Funds to Wells Fargo Investments, LLC. (*See, e.g.*, NASD Letter of Acceptance, Waiver, and Consent, attached hereto.)

**RESPONSE:**

**REQUEST 50:**

All documents related to the Wells Funds' or Wells Fargo's involvement in the matters described in the NASD Letter of Acceptance, Waiver, and Consent, attached hereto.

**RESPONSE:**

11

**REQUEST 51:**

All documents used to market Wells Fargo investment or retirement plan products or services that refer to retirement plans sponsored by Wells Fargo.

**RESPONSE:**


**REQUEST 52:**

All documentsdiscussing the investment performance, profitability, management, fees, finances, or marketing of the Asset Allocation Collective Trust offered as an investment option in the 401(k) Plan.  .

**RESPONSE:**


**REQUEST 53:**

All documents related to change in management of the Asset Allocation Collective Trust offered as an investment option in the 401(k) Plan, including without limitation the change proposed in WFF0013669-81.

**RESPONSE:**


**REQUEST 54:**

Investment policy statements for the Wells Fargo Cash Balance Plan.

**RESPONSE:**

**REQUEST 55**:

All documents discussing, analyzing, or referencing the selection, monitoring, or analysis of investments, plan fees, or investment fees for the Wells Fargo Cash Balance Plan, or referencing procedures for such selection, monitoring, or analysis.

**RESPONSE**:

**REQUEST 56**:

Any biographies, resumes, or other compilations of biographical information for any person attending a Benefit Committee meeting during the Time Period, whether created during or after the Time Period.

**RESPONSE**:

**REQUEST 57**:

All documents discussing the performance, management, fees, or marketing of the Asset Allocation Collective Trust offered as an investment option in the 401(k) Plan.

**RESPONSE**:

**REQUEST 58**:

All documents discussing or analyzing the initial selection of any of the Wells Funds as investment options in any predecessor plans to the 401(k) Plan, including without limitation the plans sponsored by Norwest Bank and Wells Fargo Bank prior to their merger.

**RESPONSE**:

**REQUEST 59:**

All documents which describe the organization of Wells Fargo, Wells Fargo Capital

Management, Wells Fargo Mutual Funds, Wells Fargo Retierement Plans Services in the Time

Period.

**RESPONSE:**


**REQUEST 60.**

All Wells Fargo phone books containing phone numbers for Wells Fargo employees for

any time in the Time Period.

**RESPONSE:**


**REQUEST 61.**

All documents related to the Plan's compliance with ERISA § 404(c) and related

regulations.

**RESPONSE**:

Dated: April 26, 2010

By: _/s/ Gregory Y. Porter___
Gregory Y. Porter *(admitted pro hac vice)*
**BAILEY & GLASSER LLP**
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 543-0226
Fax:  (202) 434-8252
gporter@baileyglasser.com

J. Brian McTigue *(admitted pro hac vice)*
Bryan T. Veis *(admitted pro hac vice)*
James A. Moore *(admitted pro hac vice)*
**McTIGUE & VEIS LLP**
4530 Wisconsin Avenue, NW
Suite 300
Washington, DC  20016
bmctigue@mctiguelaw.com
bveis@mctiguelaw.com
jmoore@mctiguelaw.com
Tel:  (202) 364-6900
Fax: (202) 364-9960

Michael D. Lieder*(admitted pro hac vice)*
W. Iris Barber *(admitted pro hac vice)*
**SPRENGER & LANG**
1400 Eye St Ste 500
Washington , DC 20005
ibarber@sprengerlang.com
mlieder@sprengerlang.com
Tel: 202-772-1157

Deanna D. Dailey (MN Bar No. 293714)
**SPRENGER & LANG**
310 4th Ave S Ste 600
Minneapolis , MN 55415
Tel: 612-486-1818
ddailey@sprengerlang.com
*Attorneys for Plaintiff*

15