# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robin E. Figas,<br>*and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>Wells Fargo & Company, Wells<br>Fargo Bank, N.A., *et al.*,<br><br>Defendants. | Civil File No. 08-CV-4546 (PAM/FLN)<br><br>**DEFENDANTS' RESPONSE TO<br>PLAINTIFFS' THIRD REQUEST FOR<br>PRODUCTION OF DOCUMENTS** |

To: Plaintiff Robin E. Figas and her counsel of record, Deanna D. Dailey, Sprenger & Lang, P.O. Box 25383, Woodbury, MN, 55119, Michael D. Lieder and W. Iris Barber, Sprenger & Lang, 1400 Eye St., Suite 500, Washington, D.C., 20005, Gregory Y. Porter, Bailey & Glasser LLP, 910 17th Street, Suite 800, Washington, D.C., 20006, and J. Brian McTigue, Bryan T. Veis, James A. Moore, and Patrick de Gravelles, McTigue & Veis LLP, 4530 Wisconsin Avenue, N.W., Suite 300, Washington, D.C., 20016.

For its responses to Plaintiffs' Third Request for Production of Documents, Defendants Wells Fargo & Company, Wells Fargo Bank, N.A., Employee Benefit Review Committee, Patricia Callahan, Ellen Haude, Mike Heid, Clyde Ostler, and Tim Sloan ("Defendants") respond as follows:

**GENERAL OBJECTIONS**

1. Defendants object to Plaintiffs' document requests to the extent they seek documents or information protected by the attorney client privilege, the work product doctrine, or other applicable privilege.

2. Defendants object to Plaintiffs' document requests to the extent that they attempt to place a burden upon Defendants greater than that imposed by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, or the Court's Standing Orders, including with respect to obligations for supplementation under Fed. R. Civ. P. 26(e)(1).

3. Defendants object to Plaintiffs' document requests in that they seek to improperly expand the scope of what is within Defendants' control, and are vague and unduly burdensome with respect to documents within its possession and custody.

4. Defendants object to Paragraph E of Plaintiffs' instructions in that it assumes the existence of or knowledge of the existence of documents that may not exist and by answering any of Plaintiffs' document requests, Defendants are not admitting the prior existence of or knowledge of the prior existence of any documents responsive to those requests. Further, the information sought by this request is overbroad, unduly burdensome and exceeds what is required by the applicable rules.

5. Defendants object to Paragraph F, including sub-parts, of Plaintiffs' instructions in that it seeks information exceeding what is necessary to establish the attorney-client privilege, work product doctrine or other applicable privilege.

6. Defendants object to Paragraph I of Plaintiffs' definitions as vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The literal definition of "Relating to" provided by Plaintiffs would significantly expand the scope of discovery to include substantial quantities of documents unrelated to the case. In order to facilitate more reasonable discovery, Defendants will

2

interpret the phrase "Relating to" to mean "reasonably connected to the subject matter" of the request in which the phrase is contained.

7. Defendants object to the time frame of Plaintiffs' requests as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Unless otherwise stated, and to the extent that Defendants agree to production, Defendants will produce documents for the period from November 2, 2000 through September 22, 2009.

8. To the extent that Defendants agree to produce any documents located after a reasonable search, this does not imply the existence of responsive documents and should not be so construed.

9. Defendants incorporate by reference each and every one of these general objections into its responses to specific document requests as if set forth fully therein.

10. Defendants object to the requests to the extent they request information or documents that contain confidential, competitive information or personal financial information. Such documents will not be produced unless and until a mutually agreeable protective order is in place.

11. Defendants welcome discussion with Plaintiffs to resolve any discovery issues and to coordinate regarding electronic discovery.

## RESPONSES

### REQUEST NO. 45:

Quarterly performance data for the "master portfolios" (or documents showing same) in which certain Wells Funds described as "gateway funds" invested during the

Class Period. (*See* WFF0000605-686 for more information on "gateway funds" and "master portfolios").

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and the General Objections, Defendants incorporate by reference their response to Interrogatory No. 24.

**REQUEST NO. 46:**

Documents showing the fees charged by "master portfolios" to the Wells Funds and to other investors in the "master portfolios" during the Class Period.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and the General Objections, Defendants incorporate by reference their response to Interrogatory No. 24.

**REQUEST NO. 47:**

All statements of additional information and annual reports for Wells Funds during the Class Period.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Subject to the foregoing objections and without waiving the same, Defendants state that the information sought is available through publicly sources such as the Electronic Data

4

Gathering, Analysis, and Retrieval ("EDGAR") system and, accordingly, equally accessible to Plaintiffs.

**REQUEST NO. 48:**

All data and documents used, relied on, or considered by employees of Wells Fargo in preparing periodic Employee Benefit Plan Investment Reviews for the Benefit Committee, including but not limited to all data and documents used, relied on, or considered in calculating or determining "rank" or "rating" as those terms are used in periodic Employee Benefit Plan Investment Reviews. (*See, e.g.*, WFF0002458.)

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Subject to the foregoing objections and without waiving the same, Defendants already have produced documents responsive to this request that were located after Defendants conducted the agreed-upon reasonable search.

**REQUEST NO. 49:**

All documents related to the allocation of revenue or any other form of payment by a Wells Fund to any Wells Fargo subsidiary, affiliate, unit, or department in connection with the sale of Wells Funds to investors, including but not limited to the allocation of revenue from Wells Funds to Wells Fargo Investments, LLC. (*See, e.g.*, NASD Letter of Acceptance, Waiver, and Consent, attached hereto.)

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. Defendants further object to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent

that the phrase "allocation of revenue or any other form of payment" is vague and ambiguous.

**REQUEST NO. 50:**

All documents related to the Wells Funds' or Wells Fargo's involvement in the matters described in the NASD Letter of Acceptance, Waiver, and Consent, attached hereto.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. Defendants further object to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 51:**

All documents used to market Wells Fargo investment or retirement plan products or services that refer to retirement plans sponsored by Wells Fargo.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that the phrase "used to market" is vague and ambiguous.

**REQUEST NO. 52:**

All documents discussing the investment performance, profitability, management, fees, finances, or marketing of the Asset Allocation Collective Trust offered as an investment option in the 401(k) Plan.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and the General Objections, Defendants state that they already have produced documents related to the performance and management fees associated with this fund that are responsive to this request that were located after Defendants conducted the agreed-upon reasonable search.

**REQUEST NO. 53:**

All documents related to change in management of the Asset Allocation Collective Trust offered as an investment option in the 401(k) Plan, including without limitation the change proposed in WFF0013669-81.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and the General Objections, Defendants state that they already have produced documents related to the performance and management fees associated with this fund that are responsive to this request that were located after Defendants conducted the agreed-upon reasonable search.

**REQUEST NO. 54:**

Investment policy statements for the Wells Fargo Cash Balance Plan.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and the General Objections, Defendants have already produced versions of the Cash Balance Plan Investment Policy Statement that were presented during EBRC meetings (e.g., WFF0093346-49) or provided to Aon/Fiduciary Counselors in 2004 (e.g., WFF0040724-27; WFF0110250-53), which were located after Defendants conducted the agreed-upon reasonable search, and Defendants will produce additional documents responsive to this Request.

**REQUEST NO. 55:**

All documents discussing, analyzing, or referencing the selection, monitoring, or analysis of investments, plan fees, or investment fees for the Wells Fargo Cash Balance Plan, or referencing procedures for such selection, monitoring, or analysis.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. Defendants further object to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and the General Objections, Defendants state that they already have produced documents responsive to this request that also related to the 401(k) Plan that were located after Defendants conducted the agreed-upon reasonable search.

8

without limitation the plans sponsored by Norwest Bank and Wells Fargo Bank prior to their merger.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request vague and ambiguous. Defendants further object to this request to the extent that it seeks documents dated before November 2, 2000, in contravention of the May 24, 2010, Order (Doc. No. 173).

**REQUEST NO. 59:**

All documents which describe the organization of Wells Fargo, Wells Fargo Capital Management, Wells Fargo Mutual Funds, Wells Fargo Retirement Plans Services in the Time Period.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Subject to the foregoing objections and without waiving the same, Defendants state that, to the extent that such documents exist, Defendants will produce corporate level organizational charts of Wells Fargo & Company.

**REQUEST NO. 60:**

All Wells Fargo phone books containing phone numbers for Wells Fargo employees for any time in the Time Period.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request as overly broad and unlikely to lead to the discovery of admissible evidence to the extent that it seeks personal information of Wells Fargo employees who are not members of the class.

**REQUEST NO. 61:**

All documents related to the Plan's compliance with ERISA § 404(c) and related regulations.

**RESPONSE:**

Defendants incorporate all general objections as if set forth fully herein. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. Defendants further object to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that the phrase "the Plan's compliance with ERISA § 404(c) and related regulations" is vague and ambiguous. Subject to and without waiving these and the General Objections, Defendants state that they already have produced documents responsive to this request that were located after Defendants conducted the agreed-upon reasonable search.

Dated: May 28, 2010

DORSEY & WHITNEY LLP

By /s/
   Stephen P. Lucke #154210
   lucke.steve@dorsey.com
   Thomas P. Swigert #266309
   swigert.tom@dorsey.com
   Andrew Holly #308171
   holly.andrew@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

*Attorneys for Defendants*