UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Robin E. Figas, and all others similarly situated,** | **Civil No. 08-cv-4546 (PAM/FLN)** |
|     **Plaintiffs,** | |
| v. | |
| **Wells Fargo & Company, Employee Benefit Review Committee, Howard I. Atkins, Patricia Callahan, Ellen Haude, Mike Heid, Clyde Ostler, Tim Sloan, John G. Stumpf, Peter J. Wissinger, and John Does 1-20,** | |
|     **Defendants.** | |

## ORDER AND FINAL JUDGMENT

Plaintiffs and Defendants have reached a settlement of this class action litigation, which involves claims for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to the Wells Fargo & Company 401(k) Plan (the "Plan").[1] On March 31, 2011, this Court issued an Order preliminarily approving the terms of the Class Action Settlement Agreement ("Settlement Agreement"), including the procedures for class notice and the plan of allocation, and conditionally modifying the Order certifying the class to allow for a non-opt out class under Fed. R. Civ. P. 23(b)(1).

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

(Docket No. 262.) On July 7, 2011, Plaintiffs filed a Motion For Final Approval Of Class Action Settlement setting forth the grounds for final approval, including the notice provided to the members of the Class. (Docket No. 278.) This Court, having conducted a Fairness Hearing on the settlement, the issues having been duly heard and a decision having been duly reached, **HEREBY ORDERS, ADJUDGES, AND DECREES:**

    1.    The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

    2.    Pursuant to Fed. R. Civ. P. 23(e)(2), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

    3.    The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

    4.    Subject only to the provisions of paragraph 5 below and for Settlement purposes only, the Court hereby modifies the Class set forth in its Class Certification Orders of May 6, 2010 and September 1, 2010 as follows:

> Individuals who were participants in the Wells Fargo & Company 401(k) Plan (the "Plan") whose Plan accounts had a balance in any one of the following funds from November 2, 2001, to October 8, 2009: Wells Fargo Diversified Small Cap

Fund; Wells Fargo Diversified Equity Fund; Wells Fargo Large Company Stock Fund; Wells Fargo Growth Balanced Fund; Wells Fargo Moderate Balanced Fund; Wells Fargo Aggressive Allocation Fund (formerly Wells Fargo Strategic Growth Allocation Fund); Wells Fargo Conservative Allocation Fund (formerly Wells Fargo Strategic Income Fund); Wells Asset Allocation Collective Trust; and Wells Capital Growth Fund.

(The "Settlement Class").

5. For Settlement purposes only, the Court hereby modifies its Class Certification Orders of May 6, 2010 and September 1, 2010, and finds the Settlement Class is properly certified under Fed. R. Civ. P. 23(b)(1), and makes the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A. Robin E. Figas (the "Named Plaintiff") is appointed Class representative, McTigue & Veis LLP and Bailey & Glasser LLP ("Lead Counsel") are appointed Class Counsel, and Sprenger & Lang PLLC is appointed liaison counsel pursuant to Fed. R. Civ. P. 23(g).

B. The Court finds that the Settlement Class satisfies the numerosity, commonality, typicality, and adequacy requirements of Fed. R. Civ. P. 26(a).

C. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(1). The Settlement Class has been given proper and adequate notice of the Settlement Agreement, the Fairness Hearing,

Lead Counsel's motion for attorney's fees and expenses and for Named Plaintiff compensation, and the Plan of Allocation, such notice having been carried out in accordance with the Preliminary Approval Order. Such notice included notice to all members of the Settlement Class who could be identified through reasonable efforts and provided valid, due and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for the making of objections, as well as the availability of the Class Notice and other information about the Action and Settlement at the website identified in the Class Notice. Further, Former Participants who were invested in the Plan during the Class Period for whom the Plan does not have records have received notice of this Settlement and Claim Documentation Form and the opportunity to receive a payment under the Settlement. Such notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

> i. In particular, the Court finds that the costs of examining the newly discovered records to attempt to glean more specific information from those records is unnecessary to the fairness of the notice and the settlement. Indeed, to force the parties to extract the required information from these records is inefficient, as it would only serve to delay the implementation

of the settlement and reduce the settlement funds available to Plaintiffs.

6. In the event the Settlement does not become final, or is terminated pursuant to the Settlement Agreement, the Settlement Class will be deemed not to have been modified, and the Action will for all purposes with respect to the Parties revert to its status as of October 18, 2010, prior to the Settlement. In such event the Parties will not be deemed to have consented to the modification of the Class Certification Order; the agreements and stipulations in this Settlement Agreement concerning class definition or class certification shall not be used as evidence or argument to support a modification of the Class Certification Order; and the Parties will retain all rights with respect to class certification.

7. The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

    A. The Settlement was negotiated vigorously and at arm's-length by Class Counsel on behalf of the Settlement Class seeking relief for the Plan.

    B. This Action settled at the end of the discovery period, after the completion of significant document discovery, depositions of fact witnesses, exchange of expert reports, and the depositions of two expert witnesses. The Action settled after a mediation session conducted by a retired federal judge with

extensive experience in the settlement of class actions and other complex litigations. Both Plaintiffs and Defendants were well-positioned to evaluate the settlement value of the Action.

      C.    If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk and uncertainty of extended litigation.

      D.    The amount of the Settlement—$17,500,000—is fair, reasonable, and adequate. The Settlement amount is within the range of settlement values obtained in similar cases and is within the range of reasonable settlements appropriate in this case.

      E.    At all times, the Plaintiffs have acted independently of Defendants.

      F.    An independent fiduciary experienced in reviewing ERISA settlements involving breaches of fiduciary duty, Evercore Trust, has concluded the Settlement is fair and reasonable in light of the claims and defenses, and the risks and expenses of continued litigation.

      G.    The Court has duly considered any objections to the Settlement submitted, and the Court finds them without merit.

8.    The Action is hereby dismissed with prejudice, each party to bear his, her or its own costs, except as expressly provided herein.

9.      By operation of this Judgment, and effective upon its entry by the Court, Named Plaintiff, each member of the Settlement Class (on behalf of themselves and the Plan), and the Plan (by and through the Independent Fiduciary) absolutely and unconditionally release and forever discharge the Released Parties from Released Claims that the Named Plaintiff, the Settlement Class or the Plan directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have, except that this release shall not include claims relating to the covenants or obligations set forth in the Settlement Agreement. This Judgment does not in any way bar, limit, waive, or release, any individual claim by the Named Plaintiff or a member of the Settlement Class to vested benefits that are otherwise due under the terms of the Plan. Named Plaintiff and all other members of the Settlement Class and the Plan shall be permanently and finally enjoined, without the necessity of Defendants posting a bond, from commencing or prosecuting any actions or other proceedings asserting any of the Released Claims either directly, indirectly, derivatively, or in any other capacity, against any of the Released Parties.

10.     By operation of this Judgment, and effective upon its entry by the Court, the Company fully, finally, and forever releases, relinquishes, and discharges, and shall forever be enjoined from prosecution of the Named Plaintiff, the Plan, the Settlement Class, and Appointed Counsel from any and all actual or

potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether arising under local, state or federal law, whether by statute contract common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that arise out of or are related in any way to the acts, omissions, facts, matter, transactions, or occurrences that have been alleged or referred to in the Action.

11. The Court retains exclusive jurisdiction over the Settlement Agreement and retains exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction over and rule by separate order with respect to all motions for awards of attorneys' fees and awards to Named Plaintiff and reimbursements of expenses made pursuant to Section 10.1 of the Settlement Agreement.

12. In the event that the Settlement Agreement is terminated in accordance with its terms, (i) this Judgment shall be rendered null and void and

shall be vacated <u>nunc pro tunc</u>, and (ii) the Action shall proceed as provided in the Settlement Agreement.

13.     This judgment shall not be construed or used as an admission, concession, or declaration against Named Plaintiff, Settlement Class members, or Defendants of any fault, wrongdoing, breach or liability or lack of merit of the claims being settled.

SO ORDERED this <u>8th</u> day of <u> August </u>, 2011

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge